# James Anderson, plaintiff in error, *vs.* Martin Brown, defendant in error.

### *Error to Desmoines.*

It is not a misdescription of a note to state that the defendant " at Burlington " made, &c., altho' it does not appear on the face of the note, that it was given there.

This was an action of assumpsit on a promissory note given by Anderson to Brown, for $176,96. Judgment was rendered at March term, 1842, in the District Court of Desmoines county. Chief Justice Mason, presiding.

Anderson, the defendant below, brings the case here by writ of error.

Rorer, for plaintiff in error.

Grimes & Starr, for defendant in error.

By the Court, Mason, Chief Justice.—This was an action brought on the following promissory note:

" On or before the first day of January next, I promise to pay Martin Brown the sum of one hundred and seventy-six dollars and ninety-six cents, for value received of him.

" July 23, 1842.                JAMES ANDERSON."

The declaration commences: " For that whereas the said defendant heretofore, to wit: on the 23d day of July 1841, at Burlington, in the county aforesaid, made his certian promissory note, &c. The only error assigned is that the declaration sets forth the note as having been made at Burlington, whereas the copy does not show the place of its execution. If the declaration had stated the note to have been dated at Burlington it would have been a misdescription, but even then, agree-

ably to the decision in Walker & Eno vs. Ayers, decided at this term of the court, no advantage could have been taken of the variance except by special demurrer, in as much as the copy seems to be correct.

At all events there is nothing to show a variance between the copy and the original note.

But in the present case, there is no misdescription, which even a special demurrer would have reached. The declaration states that the note was executed at Burlington, and what is there to show that such was not the fact? It is true the note does not on its face purport to have been executed there, but the declaration made no allegation of that kind. There is no variance, and the judgment below will be affirmed.

Judgment affirmed.